# Pyle, Appellant, *v.* Pyle et al.

*Mortgages—Condition subsequent—Condition not to record during mortgagor's lifetime—Breach—Foreclosure—Judgment for defendant n. o. v.*

1. Although forfeitures are not favored either in equity or in law, and provisions for forfeitures are to receive, when the intent is doubtful, a strict construction against those for whose benefit they are introduced, forfeiture will be enforced where a breach of the condition is plain and specific.

2. On the trial of a sci. fa. sur mortgage, it appeared that at the time of the execution and delivery of the mortgage, the mortgagor, desiring to keep secret the fact that the mortgage had been executed, stipulated that it should not be sued out until after his death, and to that end did not have the instrument witnessed or recorded. Subsequently at the request of the mortgagee the mortgagor had the mortgage put in a duly authenticated form for recording, the mortgagee writing over his signature the condition that the mortgage should become void if recorded during the mortgagor's lifetime. Thereafter the mortgage was recorded in the mortgagor's lifetime without the knowledge of the mortgagor. The mortgagee proceeded to foreclose after the mortgagor's death. *Held,* the mortgage was automatically extinguished when it was recorded, and judgment was properly entered for the defendant n. o. v.

3. In such case the breach of the condition did not operate to preclude a recovery of the debt, but merely to extinguish the mortgage.

Argued Feb. 11, 1918.   Appeal, No. 318, Jan. T., 1918, by plaintiff, from judgment of C. P. Chester Co., Aug. T., 1915, No. 64, for defendant non obstante veredicto in case of Eliza J. Pyle, Assignee of Charles Albert Pyle v. Mary J. Pyle, Executrix of Charles C. Pyle, deceased, Mortgagor, and Mary J. Pyle, Devisee of Charles C. Pyle, Real Owner.   Before Brown, C. J., Potter, Stewart, Moschzisker and Frazer, JJ.   Affirmed.

Sci. fa. sur mortgage.

The facts appear from the following opinion by Butler, J.:

On the trial of this case we mistakenly viewed the condition, that the mortgage should be void if recorded in the mortgagor's lifetime, as a provision reaching the debt itself and thus exacting an unconscionable penalty from the mortgagee, causing him to forfeit to the mortgagor a large sum of money, manifestly greatly in excess of any damages that possibly could arise to the mortgagor by the recording of the mortgage.   As such a penalty could not be enforced, 3d Parson's Contracts, 156; Emery v. Boyle, 200 Pa. 249; as under such a provision the recording of the mortgage would merely entitle the mortgagor to such damages as he could prove arose from the act of recording, we directed a verdict for the plaintiff.

The fact is, however, that the condition subsequent, here under consideration, does not purport to control, and its breach does not reach the debt secured by the mortgage, but simply limits, and brings to an end the mortgagee's title to the real estate described.   The mortgage conveyed to the mortgagee an estate as security for the payment of the mortgagor's debt: McLaughlin v. Ihmsen, 85 Pa. 364.   It was not an absolute conveyance; a reversion of the title to the mortgagor on payment of the debt was contemplated, and therefore, the provision

for an earlier reversion in the event of the mortgage being recorded prematurely, is good and effectual.

"In a deed in fee simple a condition that if the grantee shall die seized of the land, or any part of it, such land shall revert to the grantor or his heirs, is repugnant to the grant and void, and upon the death of the grantee the land goes to his heirs. In estates for life or years, conditions in restraint of alienation are lawful. Such restraint is good by reason of a reversion remaining in the lessor." The Law of Real Property in conveyancing, Jones Sec. 664.

This is simply the case of a contract, a mortgagee positively stipulating that it shall terminate, become void, upon the mortgagee's doing a certain thing, which he subsequently does. "As forfeitures are not favored either in equity or in law, provisions for forfeitures are to receive, when the intent is doubtful, a strict construction against those for whose benefit they are introduced. Courts are reluctant to declare and enforce a forfeiture if, by reasonable interpretation, it can be avoided....... Forfeitures are enforced only where there is clearest evidence that that was what was meant by the stipulation of the parties": 6 Ruling Case Law, 906; "Conditions providing for disabilities and forfeitures are to receive, when the intent is doubtful, a strict construction against those for whose benefit they are introduced": Hoffman v. Ætna Fire Ins. Co., 88 Am. Dec. 337. In our case the provision for forfeiture is entirely too plain and specific to be denied.

We do not agree with the contention of plaintiff's counsel that the condition which the mortgagee wrote upon the mortgage and signed, is without valuable consideration moving to him, and therefore an empty promise.

The undisputed, sole evidence is that the mortgagor on October, 1896, when he executed and delivered the mortgage, not only stipulated that the mortgage should not be sued out till after his death, but was also determined

to keep secret during his lifetime the fact that he had given the obligation, and to this end avoided subscribing witnesses, and made no acknowledgment of the mortgage and not until the following April 15th did he, pursuant to the desire and solicitation of the mortgagee, have his execution of the paper attested by witnesses, and by his acknowledgment, and this he agreed to, only after reiterating his opposition to publicity, to the recording of the mortgage during his life, and after exacting from the mortgagee the promise to write upon the mortgage the conditions which he did thereon write and sign. Manifestly the mortgagee believed it was, and in fact it was, of substantial value and advantage to him to thus have the mortgage duly authenticated and put in form for recording. In consideration of this real and valuable improvement of the mortgage, earnestly desired and sought by the mortgagee, he wrote upon it over his signature, the condition that it should become, not voidable, but void, if recorded during the mortgagor's life, thereby, we believe, as fully incorporating this condition with the mortgage as if originally therein written.

Contrary to the view urged by plaintiff's counsel, we think the recording of the mortgage was not notice to the mortgagor of the fact, calling upon him for action. He had no reason to anticipate that immediately, as was done, or at any time before his death, the mortgage would be recorded in utter disregard of the pledge to the contrary, and the moment it was thus recorded, automatically the breach of the condition extinguished the mortgage.

The lower court entered judgment for the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned,* among others, was in entering judgment for the defendant n. o. v.

*Thomas W. Pierce,* with him *C. Wesley Talbot,* for appellant.

*Samuel D. Ramsey,* with him *Thomas. Lack,* for appellees.

PER CURIAM, March 11, 1918:

The judgment in this case is affirmed on the opinion of the learned president judge of the court below directing it to be entered.